IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES MATTHEW LEWIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 3:06-CV-29 (CAR) |
| | : | |
| THOMAS R. WILCOX, Individually, | : | |
| and in his official capacity as a Deputy for | : | |
| Walton County; WALTON COUNTY, | : | |
| Georgia; JERRY GREG HALL, | : | |
| Individually, and in his official capacity as a | : | |
| Deputy for Walton County; and JOE | : | |
| CHAPMAN, Individually, and in his official | : | |
| capacity as Sheriff for Walton County, | : | |
| | : | |
| Defendants. | : | |

*ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT,
PLAINTIFF'S MOTIONS TO STRIKE, PLAINTIFF'S MOTION TO REMAND,
AND DEFENDANTS' MOTION FOR ATTORNEY'S FEES*

Before the Court are the following: Plaintiff's Motions for Default Judgment against Defendant Walton County [Doc. 10] and Defendant Thomas R. Wilcox [Doc. 11]; Plaintiff's Motions to Strike the Answers filed by Defendant Walton County [Doc. 20] and Defendant Wilcox [Doc. 22]; Plaintiff's Motion to Strike the Proposed Scheduling Order [Doc. 25]; Plaintiff's Motion to Remand [Doc. 9]; Defendant Wilcox's Motion for Attorney's Fees [Doc. 34]; and the various responses and replies that relate thereto. For the reasons stated below, Plaintiff's Motions for Default [Docs. 10 and 11] are **DENIED**; Plaintiff's Motions to Strike [Docs. 20, 22 and 25] are **DENIED**; Plaintiff's Motion to Remand [Doc. 9] is **DENIED**; and Defendant Wilcox's

1

Motion for Attorney's Fees [Doc. 34] is **DENIED**.

## BACKGROUND

Plaintiff originally filed this 42 U.S.C. § 1983 excessive force and wrongful arrest case in the Superior Court of Walton County, Georgia on March 10, 2006. Defendants were served with a Summons and Complaint on March 16, 2006.

Approximately one month later, on April 11, 2006, attorney Larry Cobb, at that time, counsel for only Defendants Hall, Chapman and Walton County, filed an Answer in the Superior Court of Walton County. Two days later, on April 13, 2006, attorney Cobb filed a Notice of Removal of the case in this Court. Defendant Walton County was not named in the captions of either the Answer filed in state court or the Notice of Removal filed in this Court. Defendant Walton County did not formally file its Answer [Doc 17] with this Court until May 25, 2006, over one month after it was due.

Four days after this case was removed to federal court, on April 17, 2006, Defendant Wilcox filed his Answer in the Superior Court of Walton County. Realizing this case had been removed to federal court, Defendant Wilcox filed his Answer [Doc. 7] in this Court one day after it was due, on April 21, 2006.

## DISCUSSION

**Plaintiff's Motions for Default Judgment**[1]

Plaintiff argues that this Court should enter default judgment against Defendants

---

[1] Plaintiff's motions for default judgment are premature because he has failed to obtain an entry of default, a prerequisite to a default judgment. See Fed. R. Civ. P. 55(a). However, as discussed in this Order, because the Court finds Defendants show good cause for reopening any entries of default that would have been entered by the Clerk, the grant of any entries of default would constitute a legally meaningless exercise.

Walton County and Thomas Wilcox due to their failure to timely file answers to Plaintiff's Complaint. Under Rule 81(c), "[i]n a removed action in which the defendant has not answered, the defendant shall answer . . . within five days after the filing of the petition for removal." Fed. R. Civ. P. 81(c). Defendants' Notice of Removal was filed on April 13, 2006. Therefore, each Defendant's Answer was due on April 20, 2006. Plaintiff states that Defendant Walton County filed his Answer over one month late on May 25, 2006, and Defendant Wilcox filed his Answer one day late on April 21, 2006; therefore, default judgment is appropriate against these two defendants.

Defendants both argue that default judgment is inappropriate because their Answers were not untimely filed. Defendant Walton County states that its name was inadvertently left out of the case caption of Defendants Chapman and Hall's Answer that was timely filed with the Court, and the substance of that Answer shows that it was also meant for Walton County. Defendant Wilcox argues that the three day mailing provision of Federal Rule of Civil Procedure 6 applies in this case making his Answer timely filed. Without deciding the merits of Defendants' arguments, the Court find default judgment inappropriate in this case.

The decision to enter a default judgment "is discretionary . . . . Entry of judgment by default is a drastic remedy which should be used only in extreme situations . . . . [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

The exceptional circumstances that would justify entries of default judgment for

Defendant Wilcox and Defendant Walton County are not present in this case. At this time, both Defendants have filed their answers. Plaintiff has not shown that the Defendants' failure to file an answer to his Complaint prejudiced Plaintiff in any way. Id. Moreover, both Defendants filed pleadings in this case prior to Plaintiff's filing the Motions for Default Judgment. Default judgment is inappropriate where pleadings are filed prior to the filing of the default judgment motion. See Fisher v. Office of the State Attorney 13th Judicial Circuit, Fla., 162 Fed. Appx. 937, 941 (11th Cir. 2006). Defendant Walton County filed its Notice of Removal more than a month before Plaintiff filed the Motions for Default Judgment, and Defendant Wilcox filed its Answer almost exactly one month before Defendant filed the motions. Finally, Plaintiff even stated that he "would prefer that this case be decided upon its merits." In light of these circumstances and the usual preference that cases be heard on the merits, the Court finds default judgment inappropriate in this case.

Even assuming entry of default judgment were appropriate in this case, the Court finds both Defendant Wilcox and Defendant Walton County have shown good cause so that any default would be reopened. The Court has wide discretion in determining whether good cause has been shown to warrant the reopening of a default. Lee v. Huttig Bldg. Prods., Inc., 2005 WL 1618796, *2 (M.D. Ga. 2005). "Courts have considered several factors in determining whether the defaulting party has shown good cause, including whether the defaulting party has a meritorious defense, whether it acted promptly to cure the default, whether the default was willful, and whether the non-defaulting party would be prejudiced." Id.

In the present case, the Defendants both appear to have meritorious defenses to Plaintiff's claims. Both Defendants acted promptly to cure the default, and, as discussed above, Plaintiff has shown no resulting prejudice any default may have caused to Plaintiff. Finally, it is clear to this Court that any default by Defendants was not willful.

Therefore, Plaintiff's Motion for Default Judgment against Defendant Walton County [Doc 10] and Plaintiff's Motion for Default Judgment against Defendant Wilcox [Doc 11] are hereby **DENIED.**

**Plaintiff's Motion to Remand**

Plaintiff's entire Motion to Remand consists of a page and a half (three very small paragraphs) of text (which includes the case caption comprising half of a page). Plaintiff moves the Court to remand this case because "the federal court does not have jurisdiction over Plaintiff's claims against the defendants in their official capacities under the Eleventh Amendment and the case of Manders v. Lee, 338 F.3d 1304 (11th Cir. 2004)." This is the extent of the legal substance of Plaintiff's motion. Plaintiff filed no brief in support of his motion. The Court finds Plaintiff's page and a half motion woefully inadequate to show that this action should be remanded to state court. Plaintiff simply cites a Constitutional Amendment and a case and provides no argument or explanation as to why, under the Eleventh Amendment and Manders v. Lee, this case should be remanded. Plaintiff's Motion to Remand is **DENIED**.

**Plaintiff's Motions to Strike**

Plaintiff's filings with this Court are pervaded by his unfounded allegations that

the two defense attorneys in this case have committed fraud upon this Court. Plaintiff bases his accusations of fraud upon his confusion as to which defense attorney represents which defendant, and his concern that defense counsel's signatures on Defendant Wilcox's Answer and the Proposed Scheduling and Discovery Order were somehow "misrepresentations" to this Court.

Plaintiff's three motions to strike–(1) Motion to Strike Defendant Walton County's Answer to Plaintiff's Complaint; (2) Motion to Strike Defendant Wilcox's Answer to Plaintiff's Complaint; and (3) Motion to Strike Proposed Scheduling Order–are all based on Plaintiff's allegations of defense counsel's fraud and misrepresentations to this Court.

It is clear to this Court that defense counsel have committed no fraud on or presented any misrepresentations to this Court. Plaintiff's attempt to show what he characterizes as opposing counsel's "fast and loose 'shell games' and 'musical chairs' strategies to switch, then re-switch the attorneys of record for Defendants to defraud this Court and Plaintiff," turns up empty. It is clear to this Court that at the time of these allegations, attorney Larry Cobb represented three of the defendants–Jerry Greg Hall, Joe Chapman and Walton County–and attorney Beverly Adams represented Defendant Wilcox.[2] Nowhere can the Court discern any attempts by defense counsel to "switch attorneys of record." Furthermore, Plaintiff provides no support for his fraud allegations concerning defense counsel's "illicit filing" of Defendant Wilcox's Answer

---

[2] Pursuant to the Court's Order granting her Motion to Withdraw, attorney Adams is no longer the attorney of record for Defendant Wilcox. At this time, attorney Cobb is the attorney of record for all defendants.

and the Proposed Scheduling Order. The Court finds Plaintiff's counsel's allegations of fraud and misrepresentations to be without merit. Plaintiff's Motions to Strike [Docs. 20, 22, and 25] are **DENIED.**

**<u>Defendant Wilcox's Motion for Attorney's Fees</u>**

Defendant Wilcox requests an award of attorney's fees pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. Section 1927 provides:

> Any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plain language of the statute imposes three requirements for an award of sanctions pursuant to 28 U.S.C. § 1927, (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) that conduct must be conduct that "multiplies the proceedings"; and (3) the dollar amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. See <u>McMahan v. Toto</u>, 256 F.3d 1120, 1128 (11th Cir. 2001). An attorney multiplies the proceedings "unreasonably and vexatiously" only when the "attorney's conduct is so egregious that it is tantamount to bad faith." <u>Amlong & Amlong, P.A. v. Denny's Inc.</u>, 457 F.3d 1180, 1190 (11th Cir. 2006). The Eleventh Circuit Court of Appeals has made it clear that "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." <u>Id.</u> The court further stated that "a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings." <u>Id.</u> at 1192. An attorney's "conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must *knowingly* or *recklessly* pursue a frivolous

claim or needlessly obstruct the litigation of a non-frivolous claim." Id.

Like under section 1927, the Court may also impose sanctions on an attorney who has acted in bad faith pursuant to its inherent authority. Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001). "One aspect of the Court's inherent power is the ability to assess attorney's fees and costs against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Id. The Eleventh Circuit has stated that "a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent power." Amlong & Amlong, P.A., 457 F.3d at 1189. However, "the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927." Id.

Defendant Wilcox relies on Thomas v. Tenneco Packaging Co., Inc., an Eleventh Circuit case upholding the district court's imposition of sanctions, pursuant to its inherent powers, on an attorney who directed rude, demeaning remarks about opposing counsel in documents filed with the Court. 293 F.3d 1306 (11th Cir. 2002). In that case, the Eleventh Circuit held that the documents filed by the attorney evinced bad faith on the part of counsel in her conduct toward opposing counsel because the documents were "saturated with invective directed at opposing counsel," and "pervaded with rude, demeaning remarks about opposing counsel's physical traits and demeanor." Id. The court further reasoned that sanctions were appropriate because the documents contained "attacks upon the fitness of opposing counsel as a member of the bar," "statements that [could] only be construed as thinly veiled physical threats," and an

"overt racial slur." Id. The Thomas court concluded that "the five documents were strewn with generalizations and conclusory comments that paint[ed] opposing counsel as a racist bigot and thus impugn[ed] his character." Id.

Defendant Wilcox argues that, like the attorney sanctioned in Thomas, Plaintiff's counsel should be sanctioned for the demeaning and unprofessional remarks written about counsel for Defendant Wilcox throughout Plaintiff's filings with this Court. Defense counsel argues such actions are tantamount to bad faith, and therefore sanctionable pursuant to the Court's inherent powers. Indeed, Plaintiff's counsel does make unprofessional and demeaning comments directed toward defense counsel in four documents filed with this Court: (1) Plaintiff's Reply to Defendant Walton County's Response to Motion for Default Judgment [Doc. 19]; (2) Plaintiff's Reply to Defendant Wilcox's Response to Motion for Default Judgment [Doc. 21]; (3) Plaintiff's Motion to Strike Defendant Walton County's Answer [Doc. 20]; and (4) Plaintiff's Motion to Strike Defendant Wilcox's Answer [Doc. 22]. Throughout these documents, Plaintiff accuses defense counsel of playing "fast and loose 'shell games' and 'musical chairs'"; filing "illicit" documents with the Court; perpetrating "blatant," "purposeful," and "calculated" fraud and deceit on this Court; attempting to "cover up [counsel's] gross negligence, deceit and fraud"; playing "fast and loose with the truth"; having "corrupt intent [that] knows no boundaries"; and, in an attempt "gain an unfair advantage over Plaintiff and his counsel, . . . roll[ing] the dice and [coming] up snake eyes." The Court finds that these comments, while completely unprofessional and unwarranted in documents filed with this Court, are not particularly egregious to warrant the imposition

of sanctions.

However, the Court warns Plaintiff's counsel that it will not tolerate such innuendo and disrespect in future filings with this Court. The Court does not look favorably upon the use of such innuendo in place of meaningful legal argument. These types of remarks serve no purpose other than to demean opposing counsel, and are inconsistent with the basic rules of professional conduct that govern attorneys practicing before this Court. The Standards of Conduct found in the Local Rules for the Middle District of Georgia provide that an attorney "must communicate respectfully with other lawyers." Middle Dist. Rules, Standard of Conduct A(2). An attorney must also "avoid creating unnecessary animosity or contentiousness." Standard A(7). Furthermore, Standard B(3)(b) specifically states that "[n]either written submissions nor oral presentations should disparage the intelligence, ethics, morals, integrity or personal behavior of another lawyer or his/her client, unless such matters are directly and necessarily in issue." Standard B(3)(a). The Court directs Plaintiff's counsel to conduct himself accordingly.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment against Defendant Walton County [Doc. 10] is **DENIED**; Plaintiff's Motion for Default Judgment against Defendant Wilcox [Doc. 11] is **DENIED**; Plaintiff's Motion to Strike Defendant Walton County's Answer to Plaintiff's Complaint [Doc. 20] is **DENIED**; Plaintiff's Motion to Strike Defendant Wilcox's Answer to Plaintiff's Complaint[ Doc. 22] is **DENIED**; Plaintiff's Motion to Strike the Proposed Scheduling Order [Doc. 25]

is **DENIED**; Plaintiff's Motion to Remand [Doc. 9] is **DENIED**; and Defendant Wilcox's Motion for Attorney's Fees [Doc. 34] is **DENIED**.

**SO ORDERED**, this 11th day of December, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH/aeg